UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AGGRESSIVE MUSIC, SONY/ATV TUNES, LLC, JON BON JOVI PUBLISHING, EMI FULL KEEL MUSIC CO. and M O B MUSIC PUBLISHING<br><br>      Plaintiffs,<br><br>v.<br><br>P.A.R. POWER WASHING, INC., and BRUCE PFEIFFER,<br><br>      Defendants. | Case No. 1:08-cv-0274 PPS |

## OPINION AND ORDER

Plaintiffs, Aggressive Music, et. al. filed a Complaint against Defendants P.A.R. Power Washing, Inc. and Bruce Pfeiffer on November 14, 2008. (DE 1.) The Complaint alleges that the Defendants infringed Aggressive Music's copyrighted musical compositions by playing this music at 469 Sports & Spirits, a bar that is owned and operated by P.A.R.

Summons were served on both Defendants on November 21, 2008, but both Defendants ignored the lawsuit. (DE 5; DE 6.) So Plaintiffs filed an Application for Clerk's Entry of Default on January 27, 2009, and the court entered default on January 28, 2009. (DE 8-9.) Plaintiffs filed their Motion for Default Judgment, supporting brief and affidavits on September 2, 2009. (DE 9-12.) On September 15, 2009, Defendant P.A.R. finally appeared and shortly thereafter filed a Motion to Set Aside the Entry of Default. (DE 17.) Bruce Pfeiffer, the other defendant in this matter, has still not been heard from, and so the only issue before the court is whether the entry of default against P.A.R. should be vacated. I find that it should not.

Federal Rules of Civil Procedure 55(c) allows relief from entry of default for good cause. The moving party must show (1) good cause to set aside the default, (2) quick action to correct the default, and (3) the existence of a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). While the same test applies for motions seeking relief from default judgment under Rule 60(b), the test is "more liberally applied in the Rule 55(c) context." *Id.*

P.A.R. fails to meet the standard to vacate the entry of default. As to the good cause and quick action requirements, P.A.R. claims that Bronn Pfeiffer – P.A.R.'s current owner and sole shareholder – did not know about this matter because he purchased P.A.R. after the complaint was filed. P.A.R. claims that this amounts to good cause to excuse its delay in responding to the complaint. Why the focus should be on the actions of Bronn Pfeiffer is a bit of a mystery. P.A.R. is the defendant, not Bronn Pfeiffer.

The time line of events shows that P.A.R. was served with the complaint on November 21, 2008, and the summons was returned signed by Amy Huntley, an employee of P.A.R. (DE 6; DE 18, at 2.) What we know from the complaint – at least on information and belief – is that prior to the sale, Bruce Pfieffer was the President and Secretary of P.A.R. with primary responsibility for the control, management, operation, and maintenance of the affairs of the corporation. (DE , at 2). The sale of P.A.R. to Bronn Pfeiffer was effective January 1, 2009, after the complaint was served but before the entry of default was made. (DE 18, at 2.) It is not clear from the record whether Bronn Pfieffer and Bruce Pfeiffer are related to one another although that seems rather likely. Bronn does not allege in his affidavit that he did any due diligence before closing on the purchase. For example, Bronn does not state that he completed a search to determine if P.A.R. had any pending litigation before closing on the purchase. In any

2

event, on January 27, 2009, after the date Bronn purchased P.A.R., Plaintiffs filed an application for entry of default, which the clerk entered on January 28, 2009. (DE 7; DE 8.) And Aggressive mailed P.A.R. a copy of the application, but P.A.R. took no action at that point.

Then, on September 2, 2009, Plaintiffs filed their motion for default judgment, once again properly serving P.A.R. (DE 9.) P.A.R. alleges Bronn Pfeiffer's personal receipt of this motion on September 8, 2009 was P.A.R.'s first notice of this matter. (DE 18, at 4-5.) It was at this point – over seven months after the entry of default – that P.A.R. filed an appearance and eventually its motion to set aside default. (DE 13; DE 17.) P.A.R. argues that Bronn Pfeiffer's "prompt" action in September is sufficient to show good cause to set aside the default, and a quick response to the default entry. (DE 18, at 2.)

But, as mentioned, Bronn Pfeiffer's prompt action is beside the point. P.A.R. (and Bruce Pfeiffer) are the defendants in this matter – not Bronn Pfeiffer. The record indicates that P.A.R. received service of the complaint, the application for default entry, the entry of default, and the motion for default judgment. (DE 5; DE 7; DE 8; DE 9.) Each item was served on P.A.R.'s current address, and P.A.R. does not allege that service was not received. (DE 7.) Beyond stating that its sole shareholder simply did not know about the lawsuit, P.A.R. provides no reason why it failed to appear. Even if Bronn Pfeiffer did not know about the suit in January 2009, that does not mean that P.A.R. should not be held accountable for the failure to appear or respond. P.A.R. thus fails to explain why it did not appear or move to vacate the entry of default for such a long period of time. Without providing a persuasive explanation as to why it did not respond sooner, P.A.R. fails both the good cause and quick action requirements for setting aside default.

What's more, according to the affidavit in support of the default judgment submitted by Mr. Jones of the American Society of Composers, Authors and Publishers, this dispute has been brewing for quite some time. ASCAP has tried for more than two years to get P.A.R. in compliance with its licensing obligations, but it was met with stonewalling. It was only after exhausting other reasonable channels did the Defendants resort to litigation, and then the litigation was ignored by P.A.R. So it's difficult to say that there was good cause for P.A.R. to ignore the lawsuit when it was on the horizon years ago.

P.A.R. also falls short of meeting the third requirement to vacate the default entry. In alleging a meritorious defense, P.A.R. states that Plaintiffs' infringement claims are associated with its jukebox. (DE 18, at 5.) And, according to P.A.R., because it leases the jukebox, P.A.R. is not responsible for licensing arrangements for songs played on the radio. (*Id.*) But Plaintiffs allege that P.A.R.'s jukebox was not the source of the infringements, and that a DJ booth played the music at issue, not the jukebox. (DE 20, at 6; DE 11-3, at 3.) Because P.A.R. does not even address the allegations associated with the DJ booth, it fails to provide a meritorious defense. *See Cracco*, 559 F.3d 625, 630 (7th Cir. 2009) (citing *Jones v. Phipps*, 39 F.3d 158, 166 (7th Cir. 1994) (requiring motion to set aside default to "at least raise[] a serious question regarding propriety of a default judgment and which is supported by a developed legal and factual basis")).

P.A.R. does not offer a proper excuse for its failure to appear or participate in this matter for eight months. It's change of ownership is not a sufficient reason for P.A.R. to avoid responding to its liabilities. Accordingly, P.A.R.'s Motion to Set Aside Entry of Default (DE 17) is **DENIED**.

**SO ORDERED.**

ENTERED: December 18, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT